

FILED
DEC 30 2005
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, Plaintiff, vs. JOHN ADAMS, Defendant. | Case No. A01-0158 CR (JKS) ORDER APPOINTING FEDERAL DEFENDER AND CALLING FOR STATUS REPORT FROM THE PARTIES |
|---|---|

On July 30, 2002, John Adams pled guilty to possession of child pornography and received a guideline sentence of 27 months imprisonment and 3 years supervised release. Adams completed the imprisonment portion of his sentence and is now on supervised release. Adams's probation officer has requested a hearing to discuss Adams's compliance with certain of the conditions of his supervision, including provisions for a mental health assessment and, if warranted, sex offender treatment. Adams was represented at sentencing by retained counsel, Mr. William Bryson. The Court has been informed that Adams has not arranged for continued representation by retained counsel and, claiming indigence, seeks appointment of counsel. It appears that the Federal Defender does not have any conflict if appointed to represent Adams. A hearing in this matter is set for Tuesday, January 3, 2006 at 1:30 p.m. Because of the time constraint, the Court will temporarily accept Adams's claim of indigence and appoint the Federal Defender. If the United States questions Adams's indigency the matter will be referred to a magistrate judge for further consideration.

The Federal Defender should meet with Adams to discuss the reports filed Adams's probation officer. Adams must understand that he pled guilty to the offense and unless and until he brings a proceeding pursuant to 28 U.S.C. § 2255 (assuming that the applicable statute of limitations

35

has not expired) to set aside his plea, he will be presumed guilty and the Court will consider conditions of supervision on the basis of that presumption. Adams should also understand that the government operates on the assumption that consumers of child pornography are pedophiles for whom pornography is a temporary but unsatisfactory recourse while the pedophile searches for, grooms, seduces, and ultimately sexually exploits real children. The government argues for conditions of supervision on this basis.

On the other hand, defendants frequently argue that there are a range of behaviors and mental states associated with the consumption of child pornography and that a consumer may pose only a minor risk to real children. Given a plea of guilty and the absence of an informed psychiatric evaluation, the Court has a limited basis for making an informed decision. It will, therefore, frequently act on the basis of worst case assumptions. The Court hopes that after the Federal Defender assigns an attorney, and the attorney meets with Adams to determine his views, and the Federal Defender, the assigned U.S. attorney, and the probation officer meet and confer, the parties will be in a position to present the Court with a proposed protocol for resolving any continuing disputes regarding Adams's supervision.

**IT IS SO ORDERED.**

Dated at Anchorage, Alaska, this 30 day of December 2005.

JAMES K. SINGLETON, JR.
United States District Judge

FPD, CASL, t/c notified 12/30/05

A01-0158--CR (JKS) om 12-30-05

W. BRYSON
S. SKROCKI (US ATTY)
FPD (CJA CLERK)

ORDER